IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JORGE CABRERA | § | |
| v. | § | CIVIL ACTION NO. 5:12cv108 |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jorge Cabrera, an inmate of the Federal Correctional Institution in Texarkana, Texas proceeding *pro se*, filed this civil action under the Freedom of Information Act, complaining that he has not been provided with certain information which he seeks. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge ordered Cabrera to pay the statutory filing fee or to submit a certified inmate trust account data sheet, as required by 28 U.S.C. §1915(b). Cabrera sought leave to proceed *in forma pauperis*, but did not submit the data sheet as required. When Cabrera did not comply with this order, the Magistrate Judge issued a Report recommending that the action be dismissed without prejudice. Cabrera filed objections to the Report on December 17, 2012.

In his objections, Cabrera states that he does not speak or write English and is "conveniently without the assistance of counsel." He states that because his case was filed to "effect accountability to the Acts," any filing fee due should be paid by the Department of Justice. Cabrera notes that he has sought leave to proceed *in forma pauperis*, although he does not mention the required data sheet.

Next, Cabrera argues that because this matter is "ancillary" to his §2255 motion, there should be no filing fee. As the Magistrate Judge observed, however, cases brought under the Freedom of

1

Information Act are subject to the statutory filing fee as set out in 28 U.S.C. §1914. Holt v. I.R.S., civil action no. 10-0010(UNA), 2010 WL 427219 (D.D.C., February 4, 2010); Johnson v. Shawnee County Coroner's Office, civil action no. 09-3161-SAC, 2009 WL 2876594 (D. Kansas, September 2, 2009); Banks v. Department of Justice, 605 F.Supp.2d 131 (D.D.C. 2009). While it is true that motions to vacate sentence under 28 U.S.C. §2255 do not have filing fees, the present case is not such a motion; rather, it is an independent civil action brought under the Freedom of Information Act. Cabrera's contentions that his case should not have a filing fee, or that the Department of Justice should pay any filing fee for him, are without merit.

Cabrera goes on to contend that the threatened dismissal of his case for failure to prosecute is a "sanction," and argues that the Court should sanction the Department of Justice for making this case necessary. Cabrera suggests that these sanctions could take the form of a $1,000.00 sanction, to be deposited directly into his inmate trust account. This contention lacks merit.

Cabrera argues that his criminal case involves "complex jurisdictional grounds warranting release from unconstitutional imprisonment based on a recent ruling out of the trial venue - 11th Circuit," making "specialized assistance of counsel" necessary. If counsel is not appointed, Cabrera maintains that he should be provided with the financial assistance necessary to retain specialized counsel to challenge his conviction.

Court records show that Cabrera's §2255 motion to vacate or correct his sentence was denied by the U.S. District Court for the Middle District of Florida on May 2, 2012. *See* Cabrera v. United States, civil action no. 8:12cv685 (M.D.Fla, dismissed May 2, 2012, COA denied). He appealed this denial, but the Eleventh Circuit Court of Appeals denied his application for a certificate of appealability on November 23, 2012. Cabrera v. United States, slip op. no. 12-13052-B (11th Cir., November 23, 2012). Cabrera has not shown any basis for appointment of counsel in the present case. This objection is without merit.

Finally, Cabrera contends that the Magistrate Judge failed to construe his pleadings liberally. He has not shown how a more liberal construction of his pleadings would have altered anything; he

2

still would be required to pay the statutory filing fee or to comply with the procedures of 28 U.S.C. §1915(b), including the provision of a certified inmate trust account data sheet. His argument that no filing fee should be required because the present case is "a matter off the criminal case" is without merit, and would not benefit Cabrera in any event because his §2255 proceeding has been dismissed; thus, if his Freedom of Information Act case was truly nothing more than an ancillary proceeding to the §2255 action, it would be moot. Cabrera's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. Rule 41(b), Fed. R. Civ. P. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of December, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE